# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHANE MACY | CIVIL ACTION |
| VERSUS | No. 18-4415 |
| HINODE KAIUN CO. LTD, ET AL. | SECTION I |

## ORDER & REASONS

Defendant Hinode Kaiun Co., Ltd ("Hinode Kaiun") has filed two objections[1] to plaintiff Shane Macy's ("Macy") trial exhibits. After reviewing the exhibits at issue and considering the applicable Federal Rules of Evidence, the Court rules as follows:

### Hinode Kaiun's Initial Disclosures

First, Hinode Kaiun objects to Macy's use of Section A of Hinode Kaiun's initial disclosures, which identifies witnesses likely to have discoverable information that Hinode Kaiun might use in support of its case. Hinode Kaiun asserts that its initial disclosures are irrelevant and should therefore be excluded under Rules 401 and 402 of the Federal Rules of Evidence.[2]

In response, Macy argues that the initial disclosures are relevant based on inferences that can be deduced from the information provided therein. Specifically, Macy contends that—because the disclosures identify witnesses who may have

---

[1] R. Doc. No. 32.
[2] R. Doc. No. 32, at 1. Rule 402 provides that relevant evidence is generally admissible, and Rule 401 defines relevant evidence as evidence that "has any tendency to make a fact more or less probable than it would be without the evidence," assuming the fact "is of consequence in determining the action."

information about the subject incident—any individuals who are not identified (namely, the deck cadet for the M/V NICHIRIN, the boat on which the accident occurred) presumably do *not* have relevant information.[3]

The Court agrees with Hinode Kaiun. The initial disclosures were just that—initial—and sent to Macy's counsel when this case was in its infancy. Contrary to Macy's contention, it is not reasonable to conclude that the only individuals who may have relevant, discoverable information are those individuals named in the disclosures. Hinode Kaiun's first objection is sustained under Rules 401 and 402.

**Cooper/T. Smith New Hire Video**

Hinode Kaiun also objects to a Cooper/T. Smith "new hire" video. Cooper/T. Smith was Macy's employer at the time of the accident. Hinode Kaiun argues that the video should be excluded either as unauthenticated under Rule 901 or irrelevant under Rule 401.[4] Alternatively, Hinode Kaiun argues that, if the video is properly authenticated and relevant, it should be excluded under Rule 403 because its probative value is outweighed by the risk of misleading the factfinder. The Court will

---

[3] R. Doc. No. 42, at 2. Macy also argues that, even if the evidence is irrelevant, it should nonetheless be admitted under Rule 703. According to Rule 703, "[i]f experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted." Macy has not indicated which of his experts reasonably relied on Hinode Kaiun's initial disclosures in reaching his or her conclusions. Nor has Macy explained how a mere listing of potential witnesses could ever serve as the basis of an expert's opinion.
[4] "Authentication of a document is a condition precedent to its admission." *United States v. Ceballos*, 789 F.3d 607, 617 (citing Fed. R. Evid. 901(a)). Rule 901(a) provides that, "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."

2

defer a ruling on this objection until trial, at which time Macy will have the opportunity to authenticate the video and the Court will be better positioned to assess its relevance. The Court will also make a Rule 403 determination at that time.

Accordingly,

**IT IS ORDERED** that Hinode Kaiun's objections are **SUSTAINED IN PART** and **DEFERRED IN PART**, in accordance with this order.

New Orleans, Louisiana, May 20, 2019.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**